FILED

UNITED STATES DISTRICT COURT 2017 FEB -1 PM 1:12
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLERK U. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:17-cr-46-T-17AEP
                                        21 U.S.C. § 841(a)(1)
STEPHEN KENNETH LORE,                   18 U.S.C. § 922(g)(1)
a/k/a KENNETH STEPHEN LORE

# INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about December 17, 2015, in the Middle District of Florida, the defendant,

STEPHEN KENNETH LORE,
a/k/a KENNETH STEPHEN LORE,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(C),

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT TWO

On or about August 20, 2016, in the Middle District of Florida, the defendant,

STEPHEN KENNETH LORE,
a/k/a KENNETH STEPHEN LORE,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## COUNT THREE

On or about August 20, 2016, in the Middle District of Florida, the defendant,

STEPHEN KENNETH LORE,
a/k/a KENNETH STEPHEN LORE,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

- **Burglary,** on or about October 30, 1991;

- **Resisting an Officer with Violence**, on or about October 30, 1991;

- **Battery of a Law Enforcement Officer**, on or about October 30, 1991;

- **Battery of a Law Enforcement Officer**, on or about October 30, 1991;

- **DUI Manslaughter,** on or about September 19, 1995;

- **Manslaughter/Culpable Negligence**, on or about September 19, 1995;

- **Fleeing or Eluding**, on or about July 7, 2008;

- **Driving While License Permanently Revoked**, on or about July 7, 2008;

- **Grand Theft Motor Vehicle**, on or about June 16, 2010;

- **Possession of Methamphetamine**, on or about June 16, 2010;

- **Possession of Controlled Substance**, on or about June 7, 2010;

- **Fleeing or Eluding**, on or about June 16, 2010;

- **Driving While License Permanently Revoked**, on or about June 16, 2010;
- **Grand Theft Motor Vehicle**, on or about July 1, 2014;

- **Fleeing or Eluding**, on or about July 1, 2014; and

- **Grand Theft Motor Vehicle**, on or about July 1, 2014;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition specifically: a .40-caliber Ruger pistol and 9 rounds of ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1).

## **FORFEITURES**

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2. Upon conviction of the violations of 21 U.S.C. § 841(a)(1) charged in Counts One and Two, the defendant, STEPHEN KENNETH LORE, a/k/a KENNETH STEPHEN LORE, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. Upon conviction of any of the violation alleged in Count Three of this Indictment, the defendant, STEPHEN KENNETH LORE, a/k/a KENNETH STEPHEN LORE, shall forfeit to the United States, pursuant to pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. The property to be forfeited includes, but is not limited to, a .40-caliber Ruger pistol and 9 rounds of ammunition.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Natalie Hirt Adams
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crime and Gangs Section

T:\_Cases\Criminal Cases\L\Lore, Stephen_2016R02646_NHA\p_Indictment_Lore.docx

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

STEPHEN KENNETH LORE,
a/k/a "Kenneth Stephen Lore"

## INDICTMENT

Violations: Title 21, United States Code, Section 841(a)(1)
Title 18, United States Code, Sections 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 1st day of February, 2017.

_____
Clerk

Bail $ _____

GPO 863 525

T:\_Cases\Criminal Cases\L\Lore, Stephen_2016R02646_NHA\f_Indictment Back.docx